UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FORSYTHE RACING, INC., an Illinois corporation, )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PLAYER'S COMPANY, INC., a Canadian )<br>corporation; IMPERIAL TOBACCO )<br>CANADA LTD., a Canadian corporation; )<br>and PLAYER'S LTD., a Canadian )<br>corporation,, )<br>Defendants. ) | | 1:04-CV-2102 SEB-VSS |

## ENTRY GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff Forsythe Racing, Inc.'s ("Forsythe") state contract claims against Player's Company Inc. ("Player's"), Imperial Tobacco Canada Ltd. ("Imperial"), and Player's Ltd. ("Limited") (collectively "Defendants") in connection with an auto racing venture. The first three claims (breach of oral contract, breach of oral modification, and promissory estoppel) stem from an alleged oral promise that Player's and Imperial made to Forsythe and subsequently failed to fulfill. The final two claims (derivative breach of contract and quasi-contract) relate to an alleged failure by Limited to perform its contractual obligations to another corporation, Player's/Forsythe Racing Team, Ltd. ("PFRT"), in which Forsythe possesses an ownership interest. Defendants moved to dismiss all of the claims as a matter of law, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants assert that Forsythe's first three claims are barred by the Indiana Statute of Frauds, Claim II is an oral modification in violation of the written terms of the underlying contract, Claim IV is a claim that properly belongs to PFRT not Forsythe, and Claim V does not properly allege a quasi-contract claim under Indiana law.  For the reasons explained below, we <u>GRANT</u> in part Defendants' Motion to Dismiss only with respect to Claims II and IV and <u>DENY</u> Defendants' Motion to Dismiss with respect to the remaining claims.

## Factual Background

Plaintiff Forsythe Racing, Inc. ("Forsythe") has been in the business of owning and operating open-wheel racing teams since the 1980s. (Am. Compl. ¶ 1)  Defendants Player's Co., Inc. ("Player's"), Imperial Tobacco Canada, Ltd. ("Imperial"), and Player's Ltd. ("Limited") are affiliated Canadian corporations that have sponsored various motor races and drivers since 1961, in an effort to promote their tobacco products. (Id. ¶¶ 2-4, 7)  Around 1995, Forsythe and Player's formed a joint venture, Player's/Forsythe Racing Team, Inc. ("PFRT") for the purpose of sponsoring an open-wheel racing team. (Id. ¶ 8.)

One of Player's specific objectives as part owner was to develop and promote Canadian drivers, and Forsythe asserts that Player's insisted, as a condition of its joint venture with Forsythe, that PFRT was only to contract with Canadian drivers. (Id. ¶ 13)  To that end, in 2002, Player's and Imperial were intent on having Paul Tracy ("Tracy"), one of the best and most well known Canadian drivers, join PFRT. (Id. ¶¶ 16-18)  Also in 2002, Player's and Imperial wanted to extend the contract of Patrick Carpentier

("Carpentier"), another Canadian driver, whose contract with PFRT was due to expire at the end of 2002. (Id. ¶¶ 14-15)

Before 2002, Canada sought to enact legislation that would prohibit tobacco-related advertising in connection with motor sports and would specifically forbid Player's and Imperial from further sponsoring PFRT. ( Id. ¶ 19)  After numerous court challenges, this legislation ultimately took effect on October 1, 2003. (Id. ¶¶ 20, 33.)  As a result of the uncertain future of the Canadian legislation, during their 2002 negotiations with Tracy and Carpentier, Player's and Imperial initially sought one-year contracts; however, neither driver would sign a contract for less than a two-year term. (Id. ¶ 21)

Forsythe alleges that Player's and Imperial eventually drew Forsythe into their efforts to resolve their quandary. In around August 2002, Forsythe first learned from Player's and Imperial that the Driver Services Agreements ("Driver Contracts") being negotiated with Tracy and Carpentier provided that Player's and Imperial would be responsible for the drivers' salaries in 2003, and Forsythe would be responsible for the salaries in 2004 if the Canadian legislation went into effect in 2003. (Id. ¶¶ 26-27) Forsythe, however, contends it would not agree to serve as the sole sponsor of PFRT or any of the Team's drivers for any period of time. (Id. ¶ 28)  Thus, Forsythe alleges that, in order for Defendants to retain the services of the only two drivers they were interested in sponsoring, Player's and Imperial made a separate oral contract, through Michael Bonelli ("Bonelli"), with Forsythe (the "oral agreement") in or about August 2002 "whereby Player's and/or Imperial promised to pay Forsythe for any of the 2004 driver

3

salaries it might become obligated to pay if the legislation became a certainty." (Id. ¶ 29)

Plaintiff contends the oral agreement was not reduced to writing because Defendants did not want it to appear that they were trying to avoid the effect of the possible Canadian legislation. (Id. ¶ 30) Plaintiff alleges that Bonelli later restated the terms of the oral agreement to Forsythe on around September 1, 2002. (Id. ¶ 31)

Forsythe asserts that in consideration for Defendants' promise, it agreed to execute the Driver Contracts that Defendants had negotiated with Tracy and Carpentier. (Id. ¶ 35) Forsythe contents it would never have agreed to execute the Driver Contracts but for Player's and Imperial's contingent promise to pay the 2004 drivers' salaries. (Id. ¶ 36)

The two Driver Contracts were ultimately executed in October 2002 by PFRT and Tracy and Carpentier, respectively, covering two-year terms, from November 1, 2002 to October, 31, 2004, or the last race in the 2004 Champ Car Series schedule. (Id. ¶¶ 22-23) The Driver Contracts provided that if Defendants would become unable to legally advertise their sponsorship, then the term of the agreements would be for one year, ending October 31, 2003, or the last race in the 2003 Series. (Id. ¶ 25) Finally, the Driver Contracts provided that if the term of the contracts was for one year, then Forsythe would pay the drivers' salaries in 2004, pursuant to separate agreements between Forsythe and the drivers. (Id. ¶ 25.)

Forsythe claims that in October 2002, after the Driver Contracts were executed, Player's and Imperial promised Forsythe that they would pay Forsythe any money it might have to pay for the 2004 drivers' salaries, thus modifying the terms of those

4

agreements.  (Id. ¶ 32).

On December 7, 2004, Forsythe brought suit in Marion Circuit Court asserting five claims against Defendants.  Defendants removed the suit to federal district court on December 29, 2004, pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  Count I of Forsythe's amended complaint alleges that Player's and Imperial's failed to pay Forsythe the 2004 drivers' salaries in breach of the oral agreement.  Count II alleges that Player's and Imperial's failure to pay for the drivers' salaries was in breach of the Driver Contracts, as modified in October 2002.  Count III alleges, in the alternative, that Player's and Imperial promised to pay Forsythe for the 2004 drivers' salaries and that their promise induced Forsythe to execute the Driver Services Agreements to its detriment.  Count IV and Count V allege that, pursuant to a series of separate Sponsorship Agreements with PFRT ("Sponsorship Agreements"), Limited was obligated to pay certain sponsorship fees to PFRT from 2000 to 2003, Limited failed to pay those fees as required, and, as a result, Forsythe was forced to pay a certain amount of PFRT's expenses.  Count IV seeks direct recovery for Limited's alleged breach of the Sponsorship Agreements. Count V seeks, in the alternative, recovery for the same expenses through 2003 under a theory of quasi-contract.

Defendants moved to dismiss all the claims, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants assert that Claims I - III violate the Indiana Statute of Frauds, Claim II is an oral modification in violation of the written terms of the Driver Contracts, Claim IV is a derivative claim for which Forsythe is not a real party in interest,

and Claim V does not properly allege a quasi-contract claim under Indiana law.

For the reasons explained below, we <u>GRANT</u> in part Defendants' Motion to Dismiss only with respect Claims II and IV and <u>DENY</u> dismissal on the remaining claims.

<u>Legal Analysis</u>

I.   *Motion to Dismiss Standard of Review*

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendants move to dismiss this action for failure to state a claim upon which relief may be granted.  A party moving to dismiss bears a weighty burden.  It must show that the pleadings themselves fail to provide a basis for any claim for relief under any set of facts.  <u>Ed Miniat, Inc. v. Globe Life Ins. Group Inc.</u>, 805 F.2d 732, 733 (7th Cir. 1986), <u>cert. denied</u>, 482 U.S. 915 (1987).

As a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.  <u>Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.</u>, 161 F. Supp. 2d 948, 950-51 (S.D. Ind. 2001) (quoting 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Civil § 1357). On a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in a light most favorable to the party opposing the motion, in this case Forsythe.  <u>Lee v. City of Chicago</u>, 330 F.3d 456, 459 (7th Cir. 2003); <u>Szumny v. Am. Gen. Fin.</u>, 246 F.3d 1065, 1067 (7th

Cir. 2001).

II.     *Claims I-III: Indiana Statute of Frauds*

Plaintiff brings two breach of contract claims (Claims I and II) and a promissory estoppel claim (Claim III) relating to the alleged oral agreement between Defendants and Plaintiff.  Defendants contend that these three claims are barred by the Indiana Statute of Frauds because the oral contract could not be completed within one year.

The Indiana Statute of Frauds provides:

> A person may not bring any of the following actions unless the promise, contract, or agreement on which the action is based, or a memorandum or note describing the promise, contract, or agreement on which the action is based, is in writing and signed by the party against whom the action is brought or by the party's authorized agent:
>
> \*       \*       \*       \*       \*
>
> (5)     An action involving any agreement that is not to be performed within one (1) year from the making of the agreement.

IC 32-21-1-1(b).  In construing this statute, Indiana Courts have been clear that "only if it is *impossible* for an oral contract to be completed within one year does it fall within the Statute of Frauds." Tobin v. Ruman, 819 N.E.2d 78, 84-85 (Ind. Ct. App. 2004).

We find Defendants' Statute of Frauds argument to be premature.  Although, at first blush, the oral agreement as set out in the Amended Complaint appears to implicate the Statute of Frauds, we do not have enough information at this time to properly evaluate whether it would be *impossible* for the oral agreement to be completed within one year.

In fact, all we know from the Amended Complaint is Plaintiff's allegation that Defendants "entered into a separate agreement . . . with Forsythe whereby Player's and/or Imperial promised to pay Forsythe for any of the 2004 driver salaries it might become obligated to pay if the [Canadian] legislation became a certainty." Compl. ¶ 29.[1] The Complaint does not further elaborate the terms of the alleged oral contract, nor, because of notice pleading, is such elaboration necessary at this stage. As a result, we have no information as to the terms of the alleged oral contract, such as when the alleged payments were to occur. Without this information, we cannot say, as a matter of law, whether the Indiana Statute of Frauds applies to the oral agreement.[2] Defendants would be better served by raising this affirmative defense in a motion for summary judgment. Accordingly, we deny Defendant's Motion to Dismiss Plaintiff's Claims I, II, and III

---

[1] See also, Compl. ¶ 32 ("In or around October 2002, Bonelli again repeated the terms of the Player's/Imperial Contract, stating that Player's and/or Imperial would pay Carpentier's and Tracy's salaries even if the court challenges were unsuccessful and the legislation took effect.")

[2] Defendants mistakenly argue that "the plain language of the Forsythe Driver Contracts themselves illustrates the impossibility of performance within one year from Mr. Bonelli's alleged promise." Defs.' Brief in Supp. at 8. This argument is misplaced because the plain language of the Forsythe Driver Contracts is not at issue here. Although the alleged oral agreement was related to the Driver Contracts, there is no indication in the Amended Complaint that Bonelli promised to repay Forsythe in the same manner that Forsythe was obligated to compensate the two drivers. Drawing all inferences in favor of the Plaintiff, it is conceivable, as Forsythe argues, that Defendants could send Forsythe a lump sum payment in October 2003, before their making such a payment became illegal, which would cover the entire amount for which Forsythe was estimated to be responsible during the 2004 racing season. If no additional performance bonuses were earned by the drivers in the 2004 season, then the October 2003 lump sum payment would have satisfied all of Defendants alleged responsibilities under the oral contract and there would be no Statute of Frauds issue. At this time, we must draw all inferences in favor of the Plaintiff and, thus, cannot rule out this possible scenario under which the Statute of Frauds would be inapplicable to the alleged oral agreement.

based on the Indiana Statute of Frauds.

III.     *Claim II: Oral Modification in Violation of Express Contract Terms.*

In its second claim, Forsythe asserts that the alleged oral agreement constituted an oral modification of the Driver Contracts. Defendants contend that this claim should be dismissed because the alleged oral modification directly violates the written terms of the underlying contract.

Under Indiana law, "where no ambiguity is present, the trial court is constrained by the 'four corners' rule" which " 'provides that in construing written instruments, the language of the instrument, if unambiguous, determines the intent of the parties such that parol or extrinsic evidence is inadmissible to expand, vary, or explain the instrument unless there has been a showing of fraud, mistake, ambiguity, illegality, duress, or undue influence.' " Adams v. Reinaker, 808 N.E.2d 192, 195-96 (Ind.App. 2004) (quoting Lippeatt v. Comet Coal & Clay Co., 419 N.E.2d 1332, 1335 (Ind.App. 1981)).

The PFRT Driver Contracts provide:

> Any change, amendment, addition, deletion or clarification of this Agreement shall not be effective unless it is in writing and signed by both parties.

See Doc. 20, Exhs. A and B, § 23. Thus, based on the unambiguous language of the Driver Contracts which expressly precludes Forsythe's claim that Defendants' alleged promise constituted an oral modification of the contracts, Forsythe's Claim II must be dismissed with prejudice.

IV.     *Count IV: Derivative Claim Not Brought by a Real Party in Interest.*

Forsythe seeks to recover, on behalf of PFRT, unpaid sponsorship fees that Limited was obligated to pay pursuant to the Sponsorship Agreement.  See Compl. ¶¶ 52-55.  Defendants claim that Forsythe does not have standing to bring this claim because it is not a party to the Sponsorship Agreement nor, as a shareholder of PFRT, is it a real party in interest to the contract.

Under Indiana law, "[o]nly the real party in interest may bring suit to recover damages allegedly resulting from breach of contract."  Rollings Burdick Hunter of Utah, Inc. v. Bd. of Trustees of Ball State Univ., 665 N.E.2d 914, 919 (Ind.Ct.App. 1996) (stating:)(citing Cook v. City of Evansville, 178 Ind.App. 20, 381 N.E.2d 493 (Ind.Ct.App. 1978)).  The parties agree that PFRT is the party in interest with respect to the alleged underpayment of sponsorship fees under the Sponsorship Agreement.  However, Forsythe argues that its claim falls within the exception announced in Marcucilli v. Ken Corp:

> In the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

766 N.E.2d 444, 450 (Ind.App. 2002).

At this time, we decline to exercise the discretion permitted in Marcucilli to allow Forsythe to bring a derivative action to recover funds allegedly owed to PFRT.  The

court in Delaware has appointed an Indianapolis-based receiver who has been tasked with determining the appropriate manner for pursuing any claims belonging to PFRT. Although the receiver has not yet indicated whether he intends to pursue PFRT's alleged claim against Limited, we conclude that, at this time, the Indianapolis-based receiver is in a better position to pursue any such claim that may exist. Until the receiver decides whether to pursue PFRT's alleged claim against Limited, we cannot resolve whether Forsythe's derivative claim would satisfy the three factors outlined in Marcucilli. Accordingly, Forsythe's Claim IV is dismissed without prejudice and with leave to refile if the Indianapolis-based PFRT receiver decides not to pursue the claim directly.

V.      *Claim V: Properly Alleges Quasi-Contract Claim.*

In Claim V, Forsythe brings a quasi-contract claim against Limited asserting that "[a]s a result of Limited's failure to pay the full amounts due under the Sponsorship Agreements, Forsythe has been forced to pay for Team operation expenses that Limited was obligated to pay." Compl. ¶ 58. Limited claims that Forsythe's quasi-contract claim is defective under Indiana law because it does not allege that Limited expressly or impliedly requested a benefit or accepted a benefit which it had the opportunity to decline. See Garage Doors of Indianapolis, Inc. v. Morton, 682 N.E.2d 1296, 1303 (Ind. Ct. App. 1997); Wright v. Pennamped, 657 N.E.2d 1223, 1230 (Ind. Ct. App. 1995).

Although Forsythe's Complaint does not explicitly allege either of these elements, we conclude that the Complaint alleges enough to satisfy the notice pleading requirements that prevail in federal court. See Compl. ¶¶ 60 ("Limited knew of

11

Forsythe's payment and accepted the benefits of continued sponsorship."); 61 (" The benefit was given to Limited under circumstances which demand that Limited compensate Forsythe in order to prevent unjust enrichment").  Accordingly, we deny Defendants' motion to dismiss Claim V.

## Conclusion

As explained above, Plaintiff's Claim II for oral modification of the agreement violates the express written terms of the underlying contract and Plaintiff's Claim IV is a derivative claim which does not satisfy the requirements for such an action under Indiana law.  Accordingly, we <u>GRANT</u> Defendants' Motion to Dismiss with regard to Claims II and IV, with leave to refile Claim IV in accordance with this opinion.  We <u>DENY</u> Defendants' Motion to Dismiss the remaining counts (Claims I, III, and V).  IT IS SO ORDERED.

Date: 09/08/2005

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copy to:
Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Michael Joseph Kelly
FREEBORN & PETERS LLP
mkelly@freebornpeters.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

Michelle D. Mills
FREEBORN & PETERS LLP
311 S. Wacker Drive
Suite 3000
Chicago, IL 60606

Ranse Murphy Partin
KING & SPALDING LLP
rpartin@kslaw.com