UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FORSYTHE RACING, INC., an Illinois corporation, | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:04-CV-2102 SEB-JMS |
| PLAYER'S COMPANY, INC., a Canadian corporation; IMPERIAL TOBACCO CANADA LTD., a Canadian corporation; and PLAYER'S LTD., a Canadian corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO ALTER OR AMEND**

The dispute in this extended litigation centers on who was responsible for paying the salaries of two open wheel race car drivers for the 2004 CART race season. On January 7, 2008, we entered an order which, in part, addressed cross motions for summary judgment filed by Plaintiff and Defendants. We denied Defendants' motion and we denied Plaintiff's motion, with the exception of Plaintiff's request for summary judgment on the issue of the application of the Statute of Frauds, which we granted, finding that the Indiana Statute of Frauds does not bar Plaintiff's remaining claims. Following the issuance of that order, we have discovered (with the assistance of counsel for the parties) that, by inadvertence, certain errors, both substantive and typographical,

were made by the court which require correction, as referenced in Defendants' Rule 59(e) Motion to Alter or Amend (Doc. #159).  In this entry, we make those necessary corrections.

First, on page 19 of our January 7, 2008, order, we indicated that a "jury" might choose to believe the testimony of a particular witness.  Since there has been no request for a jury by either side in this case, our reference to a jury was in error.  We thus correct our prior ruling to say that, without an opportunity to hear and see that particular witness on the witness stand, the court is unable to weigh the evidence and assess his credibility and, hence, there is no way for us to determine whether a separate oral agreement was reached regarding payment of the drivers' salaries.

The second instance in need of correction came at the conclusion of a lengthy analysis leading up to our determination that there was sufficient evidence of record to conclude that it was not impossible for Players to have paid the base salaries of the drivers, as allegedly agreed to by Defendants, within a one-year time period and, therefore, the Statute of Frauds would not bar recovery.  Despite that detailed explication, we inadvertently omitted the word "not" in the entry's concluding paragraph.  It should have been there, so we add it now.

However, in addition to those relatively minor matters, we have been persuaded by the arguments laid out in the post judgment briefing that we missed the substantive mark

on the Statute of Frauds ruling as well.  Because of conflicts in the deposition and affidavit testimony, we believe we were correct in denying summary judgment to Defendants based upon their affirmative defense of the Statute of Frauds, but concede that we acted prematurely in granting summary judgment to Plaintiff on that issue, having failed to consider that there was also a conflict in the evidence regarding what part, if any, of the contractual obligations to the drivers the Defendants, through Michael Bonelli, agreed to assume.  Given that that issue remains unresolved, obviously the possibility remains that whatever was agreed to might not have been performed within a year.  Because of conflicts in the evidence regarding what was said between Michael Bonelli and Gerald Forsythe and the extent of Bonelli's authority,  both the issue of what was agreed to and the issue of whether that agreement could be performed within a year remain unresolved, to be decided when the Court is able to assess the evidence, including the testimony of these witnesses at trial.  Therefore, we now hold that summary judgment is not available to either side on the issue of the Statute of Frauds.

A motion brought under Fed. R. Civ. P. 59(e) is the appropriate method of seeking a correction of an error of law or fact.  *Demos v. City of Indianapolis*, 139 F.Supp.2d 1026, 1027 (S.D.Ind. 2001).  In their motion, Defendants have requested an amendment or alteration of our previous ruling, thereby denying Plaintiff summary judgment on Defendants' affirmative defense of the Statute of Frauds.  For the reasons explained above, we GRANT  Defendants' Motion to Alter or Amend (Doc. #159) and hereby

amend our entry of January 7, 2008 to correct the errors which we have identified and to reflect a DENIAL of Plaintiff's Motion for Summary Judgment with respect to the issue of the application of the Statute of Frauds.

    IT IS SO ORDERED.  04/03/2008

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jill Christine Anderson
FREEBORN & PETERS LLP
janderson@freebornpeters.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Joseph L. Fogel
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 300
Chicago, IL 60606-6677

Michael Joseph Kelly
FREEBORN & PETERS LLP
mkelly@freebornpeters.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

Mark M. Maloney
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309

Paul J. Murphy
KING & SPALDING LLP
pmurphy@kslaw.com

Ranse Murphy Partin
KING & SPALDING LLP
rpartin@kslaw.com