UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FORSYTHE RACING TEAM, INC.,       ) | |
|       Plaintiff,                                   ) | |
|                                                           ) | |
| vs.                                                   ) | 1:04-cv-2102-SEB-JMS |
|                                                           ) | |
| PLAYER'S COMPANY, INC. et al,       ) | |
|       Defendant.                                ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This matter is before the magistrate judge on Plaintiff Forsythe Racing Team, Inc.'s Emergency Motion for Protective Order Against Defendants' Unauthorized Notice of Second Deposition of Third-Party Witness (Dkt. # 164). Given the emergent nature of the motion, the magistrate judge ordered an expedited response (See Dkt. # 165) from Defendants, with no reply necessary. However, Plaintiff filed a motion for leave to file a reply, which the Court granted. Therefore, the motion is fully briefed, and being duly advised, the magistrate judge **DENIES** Forsythe's motion for the reasons set forth below.

On Friday, April 25, 2008 at 5:26 p.m., Defendants' counsel sent a notice of deposition to Plaintiff's counsel via e-mail. The noticed deposition is scheduled for May 1, 2008 in New York City. The deponent is David Stevenson, a nonparty witness who resides in Utah, and was previously deposed by Defendants on May 17, 2007. The notice states the deposition will be taken "before an authorized court reporter and videographer for the purpose of discovery and any other purpose authorized by the Federal Rules of Civil Procedure." (Dkt. # 164, Ex. 2). However, the e-mail sent by Defendants' counsel states that they "need to take a trial deposition to preserve testimony of Dave Stevenson." (Dkt. #164, Ex. 3). Fact discovery in this matter

closed in June 2007.  A bench trial in this matter is scheduled for June 2, 2008.

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires a party seeking to conduct another deposition of a person who has already been deposed to obtain leave of court.  Defendants, in clear disregard of the rules, have not sought leave of court.  On this basis, Plaintiff argues it is entitled to a protective order.  Plaintiff further contends that the deposition is not justified in this case.

Defendants assert that Plaintiff's argument that Defendants failed to comply with Rule 30(a)(2)(A)[1] is "groundless." (Response, pg. 3).  They claim that they initially sought Plaintiff's consent to the deposition, but Plaintiff objected.  Defendants then offered to proceed with the deposition subject to Plaintiff's reservation of rights or to seek the Court's intervention on Monday, April 28, 2008.  In response, Plaintiff filed this motion in what Defendants characterize as an attempt to preempt Defendants' ability to seek a Court order for Mr. Stevenson's second deposition.

The rule is "quite clear and quite simple.  Because the plaintiffs issued their notice for a second deposition of Mr. Ross without first seeking leave of the court, the notice was invalid under the Rule." *In re Sulfuric Acid Antitrust Litig.,* 230 F.R.D. 527, 531 (N.D. Ill. Sept. 7, 2005).  Defendants' counsel's e-mail to Plaintiff's counsel was not a simple e-mail informing Plaintiff's counsel of their need to re-depose Mr. Stevenson and seeking his position.  It was an e-mail with the notice of deposition attached, a deposition that was scheduled in six days (two of which were Saturday and Sunday).  The e-mail states, "[p]lease let us know if you object so we

---

[1] Defendants' mistakenly refer to Rule 30(a)(2)*(B)* in their response multiple times.  Rule 30(a)(2)(B) requires a party to obtain leave of court to depose an individual confined in prison.  The 2007 amendments to the Rules substantially revised Rule 30, which likely accounts for Defendants' error.

can address this with the Court on Monday if need be." (Dkt. #164, Ex. 3).  When, precisely, were Defendants intending on seeking leave of Court for this deposition?  Certainly, they did not do so, nor seek Plaintiff's position, prior to scheduling the deposition and apparently arranging said deposition with the deponent. (See Response, pg. 1).  Moreover, Plaintiff's motion was not even filed with the Court until nearly 3:45 p.m. EDT on Monday, April 28, 2008. Furthermore, Defendants' counsel's e-mail presumes this Court's availability to resolve this dispute upon demand.

The Court is frustrated (and surely Plaintiff is as well) by Defendants' lack of clarity with respect to the purpose of the deposition.  In the e-mail, Defendants' counsel states "[w]e need to take a trial deposition to preserve the testimony of Dave Stevenson." (Dkt. #164, Ex. 3). However, the notice of subpoena states the deposition will be taken "for the purpose of discovery and any other purpose authorized by the Federal Rules of Civil Procedure." (Dkt. #164, Ex. 2). Now, Defendants argue in their response that the deposition is necessitated by new information, and the deposition will be limited to only that information.  However, they later state Mr. Stevenson "cannot commit to be available to testify at trial." (Response, pg. 4).

Certainly, given all of the above factors, Plaintiff's argument that Defendants failed to comply with the rules by seeking leave of Court is far from groundless.  The Court would be well within its discretion to grant Plaintiff's motion for that reason alone.  However, the Court prefers to address the merits of the motion given the looming trial date, and the importance of the "new information" learned from Mr. Stevenson.

Rule 30(a)(2) states that the Court must grant leave, to the extent consistent with Rule 26(b)(2),  to conduct a deposition of an individual who has already once been deposed.  Rule 26(b)(2)(C) permits the Court to limit discovery if it determines that the discovery sought (1) is

cumulative or duplicative, or can be obtained from a more convenient, less burdensome or less expensive source; (2) the party seeking the discovery has had ample opportunity to obtain the information during discovery; or (3) the burden or expense of the proposed discovery outweighs the likely benefit.

Defendants claim that, in a telephone conference with their lawyers on April 23, 2008, Mr. Stevenson disclosed for the first time a conversation he had with Gerald Forsythe at the time Mr. Forsythe executed the driver contracts at issue in this case. Plaintiff argues Defendants had ample opportunity at Mr. Stevenson's first deposition to ask him about any conversations he had with Mr. Forsythe, and refer the Court to the transcript of Mr. Stevenson's deposition (Dkt. #164, Ex. 1). The Court has read the deposition, and finds that indeed, Defendants' counsel never asked the most direct question that likely would have uncovered this conversation.

On the other hand, at that time, Defendants did not have the benefit of Mr. Forsythe's declaration, a declaration which Defendants assert directly contradicts his sworn deposition testimony. Defendants claim, albeit in a footnote, that "Mr. Stevenson will also testify that Indeck received all of the benefits of sponsoring the racing team in 2004, including signage, naming rights, etc., an issue that was never in doubt until Mr. Forsythe's post-discovery declaration, refuting his deposition testimony and claiming that Indeck was not a sponsor in 2004." (Response, pg. 2, fn.1).

Mr. Stevenson clearly has relevant testimony regarding a hotly contested issue in this matter. He is a resident of Utah and not subject to the subpoena powers of this Court. His availability for trial is in doubt. The proposed testimony is not cumulative or duplicative, as Defendants have agreed to limit the deposition to only the new information they have learned. Further, that information is not obtainable from any other source.

While the Court is displeased with the timing of the notice with respect to the scheduled deposition to take place in New York City (where none of Plaintiff's counsel, nor Defendants, for that matter, reside), Plaintiff has not presented any evidence to the Court that it constitutes an undue burden or expense.  Further, Defendants have offered to arrange for Plaintiff's counsel to participate in the deposition by video conference to reduce the expense.  All in all, the burden or expense does not outweigh the benefit of preserving the testimony.

Moreover, "[t]his court sees no detriment to either side by permitting the taking of trial depositions.  Indeed, in many instances a witness' unavailability for trial will not be known until shortly before the trial.  It would make little sense to force litigants months before trial to face the perilous choice of paying for potentially unnecessary depositions or risking the loss of important trial testimony."  *Spangler v. Sears, Roebuck and Co.,* 138 F.R.D. 122, 125 (S.D. Ind. 1991).

Should Mr. Stevenson be unavailable to attend trial, not permitting his deposition on this new information would be akin to excluding his testimony.  Such a decision would not be in the interests of justice.  Therefore, Plaintiff's motion is **DENIED.**

**SO ORDERED.**

04/30/2008

                                                  Jane Magnus-Stinson
                                                  United States Magistrate Judge
Distribution:[2]                                     Southern District of Indiana

---

[2]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court.  As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b).  It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email.  Information on how to register may be found on the

Jill Christine Anderson
FREEBORN & PETERS LLP
janderson@freebornpeters.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Robert R. Clark
SOMMER BARNARD ATTORNEYS, PC
rclark@sommerbarnard.com

Joseph L. Fogel
FREEBORN & PETERS LLP
311 S. Wacker Drive, Suite 300
Chicago, IL 60606-6677

Michael Joseph Kelly
FREEBORN & PETERS LLP
mkelly@freebornpeters.com

Robert D. MacGill
BARNES & THORNBURG LLP
rmacgill@btlaw.com

Mark M. Maloney
KING & SPALDING LLP
1180 Peachtree Street
Atlanta, GA 30309

Paul J. Murphy
KING & SPALDING LLP
pmurphy@kslaw.com

Scott E. Murray
BARNES & THORNBURG LLP
smurray@btlaw.com

Ranse Murphy Partin
KING & SPALDING LLP
rpartin@kslaw.com

---

court's website at http://www.insd.uscourts.gov/ecf_info.htm.